UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
:
DAVID CHOI, Individually and on Behalf of All     :
Others Similarly Situated,                        :
                                                  :
                         Plaintiff,               :   22-CV-7309 (VSB)
                                                  :
          - against -                             :   **OPINION & ORDER**
                                                  :
                                                  :
COUPANG, INC., BOM SUK KIM, GAURAV                :
ANAND, MICHAEL PARKER, MATTHEW                    :
CHRISTENSEN, LYDIA JETT, NEIL MEHTA,              :
BENJAMIN SUN, KEVIN WARSH, HARRY                  :
YOU, GOLDMAN SACHS & CO. LLC, ALLEN &             :
COMPANY LLC, and J.P. MORGAN                      :
SECURITIES LLC,                                   :
                                                  :
                         Defendants.              :
---------------------------------------------------------------X

Appearances:

Samuel Howard Rudman
Robbins Geller Rudman & Dowd LLP
New York, New York
*Counsel for Plaintiff*

Phillip C. Kim
The Rosen Law Firm
New York, New York
*Counsel for Movant Rubin Lerer*

Kim Elaine Miller
Kahn Swick & Foti, LLC
New York, New York
*Counsel for Movant Alsar Ltd. Partnership*

Jeremy Alan Lieberman
Emma Gilmore
Pomerantz LLP
New York, New York
*Counsel for Movant New York City Public Pension Funds*

David Avi Rosenfeld
Robbins Geller Rudman & Dowd LLP
New York, New York
*Counsel for Movant Office of the Treasurer of the State of North Carolina on behalf of the North Carolina Retirement Systems, and Movant New Mexico State Investment Council*

Andrew James Ehrlich
Brette Morgan Tannenbaum
Daniel Shiah Sinnreich
Paul, Weiss, Rifkind, Wharton & Garrison LLP
New York, New York
*Counsel for Defendants Coupang, Inc., Bom Suk Kim, Guarav Anand, Michael Parker, Matthew Christensen, Lydia Jett, Neil Mehta, Benjamin Sun, Kevin Warsh, and Harry You*

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Plaintiff David Choi brings this securities fraud class action lawsuit on behalf of himself and others similarly situated against Coupang, Inc., ("Coupang"), certain of Coupang's officers and directors, and certain of the underwriters of the initial public offering (collectively the "Defendants"). Plaintiff alleges that Defendants violated §§ 11 and 15 of the Securities Act of 1933 ("1933 Act"), and 15 U.S.C. §§ 77k and 77o. (Compl. ¶¶ 1, 11).[1]

      Initially, four movants[2] sought (1) consolidation of the above-captioned actions, (2) appointment of lead plaintiff, and (3) approval of lead counsel. However, ALSAR Limited

---

[1] Compl." refers to Plaintiff David Choi's complaint filed August 26, 2022 ("Complaint"). (Doc. 1.) On October 14, 2022, Plaintiff Naya 1740 Fund Ltd. et al. brought a separate shareholder derivative action, case 1:22-CV-08756-VSB, on behalf of Coupang's shareholders, seeking to remedy alleged violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. I accepted 1:22-CV-08756-VSB as related to 1:22-CV-7309-VSB on October 24, 2022. (Doc. 8.) Prior to Defendants filing an answer in 1:22-CV-08756-VSB, on October 25, 2022, plaintiffs in that action filed a stipulation dismissing the action without prejudice pursuant to Federal Rule of Civil Procedure 41. (Doc. 11.) Thus, I will not consider any of the claims in 1:22-CV-08756-VSB, and will only consider the action before me for the purpose of this Opinion & Order.

[2] Those movants filed the following: (1) Notice of Motion of Rubin Lerer to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel, (Doc. 18); (2) Notice of Motion of ALSAR Limited Partnership for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel, (Doc. 20); (3) Notice of Motion of the New York City Public Pension Funds for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Counsel, (Doc. 25); and (4) Notice of Motion of Office of the Treasurer of the State of North Carolina on behalf of the North Carolina Retirement Systems ("North Carolina") and New Mexico State Investment Council ("New Mexico") for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel, (Doc. 29).

Partnership, Rubin Lerer, and the Office of Treasurer of the State of North Carolina and New Mexico all filed motions withdrawing their applications. (Docs. 34, 35, 36.) Because movant the New York City Public Pension Funds ("the NYC Funds") has a large financial interest in the litigation, at this stage of the litigation appears to fulfill the typicality and adequacy requirements of Federal Rule of Civil Procedure 23 and has chosen counsel with substantial experience in securities litigation and securities class actions, the NYC Funds' motion for appointment as lead plaintiff and for approval of its selection of lead counsel is GRANTED. The remaining movants' motions to withdraw are GRANTED and their motions for appointment as lead plaintiff and for approval of lead counsel are DENIED as moot. All motions for consolidation are hereby DENIED as moot due to the voluntary dismissal of 1:22-cv-8756 (VSB).

## I. Background and Procedural History[3]

### A. *Complaints*

On August 26, 2022, Plaintiff David Choi ("Plaintiff") filed a class action complaint against Coupang, Inc., as well as its founder and former Chief Executive Officer, Bom Suk Kim; former Chief Financial Officer, Gaurav Anand; former Chief Accounting Officer, Michael Parker; and former Directors on Coupang's Board, Matthew Christensen, Lydia Jett, Neil Mehta, Benjamin Sun, Kevin Warsh, and Harry You (collectively, "Individual Defendants"), and Goldman Sachs & Co. LLC, Allen & Company LLC, and J.P. Morgan Securities LLC (collectively, "Underwriter Defendants"), alleging that Coupang, Individual Defendants, and Underwriter Defendants (collectively, "Defendants") violated the 1933 Act by including in its Registration Statement for the initial public offering ("IPO") untrue statements of material fact,

---

[3] The facts in Section I are recited for background only and are not intended to and should not be viewed as findings of fact.

omitting material facts necessary to make statements contained within the Registration Statement not misleading, and failing to make necessary disclosures required under the rules and regulations governing its preparation. (Compl. ¶¶ 1, 8, 15-27.) Plaintiff alleges that the Registration Statement filed with the U.S. Securities and Exchange Commission on March 10, 2021 failed to disclose various adverse facts, including that Coupang engaged in improper anti-competitive practices with its suppliers and other third parties, adjusted search algorithms and manipulated product reviews on its marketplace platform, and sold products to non-member customers at lower prices than those offered to its Rocket WOW members, subjected its workforce to extreme, unsafe, and unhealthy working conditions. (*Id.* ¶ 9.) All of these "illicit practices exposed the Company to a heightened, but undisclosed, risk of reputational and regulatory scrutiny that would harm the Company's critical relationships with consumers, merchants, suppliers, and workforce", and made unsustainable Coupang's lower prices, historical revenues, competitive advantages, and growing market share, which were the result of these illicit practices. (*Id.*) As a result, by July 14, 2022, Coupang Class A common stock closed below $15 per share, which was more than 50% below the $35 per share price investors paid for the stock in the IPO. (*Id.* ¶ 10.)

On August 26, 2023, the same day the Complaint was filed, Plaintiff's counsel caused a notice to be filed on Business Wire in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(A)(i). (*See* Lieberman Decl. Ex. B.)[4] The notice was addressed to any who "suffered substantial losses and wish to serve as lead plaintiff of the *Coupang* class action lawsuit" and detailed the claims in the Complaint. (*Id.*) It informed

---

[4] "Lieberman Decl." refers to the Declaration of Jeremy A. Lieberman in Support of Motion of the New York City Public Pension Funds for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Counsel, filed October 25, 2022. (Doc. 28.)

the Class that they had until October 25, 2022 to file for appointment as lead plaintiff. (*Id.*)

Several months later, on October 14, 2022, Plaintiffs Naya 1740 Fund Ltd., Naya Coldwater Fund, Naya Master Fund LP, Nayawood LP, and Quantum Partners LP (collectively "Naya") filed a complaint against Defendants.[5] (Naya Compl. ¶¶ 25–53.) However, on October 25, 2022, Naya filed a notice of voluntary dismissal pursuant to Federal Rules of Civil Procedure 41(a)(1)(A), stating that the action was voluntarily dismissed without prejudice where "no Defendant in the [Naya action] has served an answer or motion for summary judgment." (1:22-cv-08756, Doc. 11.)

### B.   *Consolidation, Lead Plaintiff, and Lead Counsel Motions*

Since the Complaint was filed, four movants filed motions requesting consolidation of the Coupang Actions, appointment of lead plaintiff, and approval of lead counsel. (Docs. 18, 20, 25, 29.)[6] However, in response to the above-mentioned motions, three of the four movants have withdrawn their lead counsel motions, including ALSAR Limited Partnership, (Doc. 34 *withdrawing* Doc. 20), Rubin Lerer, (Doc. 35 *withdrawing* Doc. 18), and Office of Treasurer of the State of North Carolina and New Mexico, (Doc. 36 *withdrawing* Doc. 29). On November 9, 2022, the NYC Funds filed a notice of non-opposition declaring that "no party opposes the NYC Funds' motion . . . for entry of an Order: (1) consolidating the above-captioned actions; (2) appointing the NYC Funds as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned Defendants that purchased or otherwise acquired: (a) Coupang Class A common stock pursuant and/or traceable to the registration statement issued in connection with Coupang's March 2021 initial public offering, and/or (b) Coupang securities

---

[5] The Naya Complaint included all of the Defendants in the Choi Complaint and additional defendants not named in the Choi Complaint.

[6] All references to documents in this Section are to the filings made in 22-CV-7309.

between March 11, 2021 and July 12, 2022, inclusive; and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP as Lead Counsel for the Class." (Doc. 37 at 1.)

On March 15, 2023, I issued an order requesting the NYC Funds to clarify how the notice of voluntary dismissal filed in the Naya action impacts its request for consolidation. (Doc. 38.) The NYC Funds confirmed that the voluntary dismissal mooted its request for consolidation and withdrew its request to consolidate while maintaining its request for appointment as Lead Plaintiff and approval of Pomerantz LLP as Lead Counsel. (Doc. 39.) As such, I do not analyze or assess the merits of the consolidation and DENY the request to consolidate as moot.

## II. Discussion

### A. *Appointment of Lead Plaintiff*

#### 1. Applicable Law

The procedures set forth in the PSLRA, 15 U.S.C. § 78u-4, govern the appointment of lead plaintiff in securities class actions. The PSLRA was enacted with the goal of "prevent[ing] lawyer-driven litigation" and "ensur[ing] that parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiffs' counsel." *Peters v. Jinkosolar Holding Co.*, No. 11 Civ. 7133(JPO), 2012 WL 946875, at *4 (S.D.N.Y. Mar. 19, 2012) (quoting *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y.2001)).

Consistent with this intent, under the PSLRA, courts are to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that the appropriate plaintiff is the person or group of persons that (1) filed the original complaint or filed a motion in response to the notice, (2) has the largest

6

financial interest in the relief being requested, and (3) meets the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *Id.* § 78u-4(a)(3)(B)(iii)(I).

### a. Notice and Filing Requirements

As an initial matter, the PSLRA requires that the plaintiff in the first-filed action publish a notice of the pendency of the action in a "widely circulated national business-oriented publication or wire service."  *Id.* § 78u-4(a)(3)(A)(i).  The notice must inform the purported plaintiff class of the pendency of the action, the claims and purported class period, and the ability to move, within sixty days of the notice, to serve as lead plaintiff of the purported class.  *Id.*

### b. Largest Financial Interest

In this District, courts use the four-factor test first adopted in *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997), when determining the party with the largest financial interest:  (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate financial losses suffered.  *See, e.g.*, *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 395 (S.D.N.Y. 2014) (applying the *Lax* test); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 394–95 (S.D.N.Y. 2008) (same); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005) (same); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404 (S.D.N.Y. 2004) (same).  Of the four factors, financial loss is considered the most significant factor.  *See Reitan*, 68 F. Supp. 3d at 395; *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, No. 05-CV-04617 (RJH), 2006 WL 197036, at *3 (S.D.N.Y. Jan. 25, 2006) (citation omitted)).

Courts consider only recoverable losses when calculating financial loss for the purpose of

selecting lead plaintiff. *See In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG)(RER), 2007 WL 680779, at *5 & n.6 (S.D.N.Y. Mar. 2, 2007). In securities fraud cases, courts must consider only those losses that a plaintiff incurred after a misrepresentation is revealed to the public. *See Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 617–18 (S.D.N.Y 2015).

### c. Rule 23

The last requirement is that the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 states:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The Rule 23 analysis in the context of appointment of lead plaintiff "need not be as complete as would a similar determination for the purpose of a class certification." *eSpeed*, 232 F.R.D. at 102. The parties moving for lead plaintiff are only required to make a prima facie showing that they meet the Rule 23 prerequisites, and courts need only consider the typicality and adequacy requirements. *Varghese*, 589 F. Supp. 2d at 397 (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007); *McCormack v. Dingdong (Cayman) Ltd.*, No. 22-CV-7273 (VSB), 2022 WL 17336586, at *4 (S.D.N.Y. Nov. 30, 2022).

Additionally, courts have a preference for appointing institutional investors as lead plaintiffs. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004). This is consistent with Congress's intent in passing the PSLRA. *See id.*; *Weiss*, 2006 WL 197036, at *2 ("By enacting the PSLRA . . . Congress sought to increase the likelihood that institutional investors will step forward as the ideal lead plaintiffs

in private securities litigation." (internal quotation marks omitted)); *see also* H.R. Rep. No. 104-369, at 34 (1995) (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiffs. . . .").

### 2. Application

Because three of the four movants withdrew their competing motions for appointment of lead plaintiff and approval of selection of counsel, (Docs. 34, 35, 36), and all four movants filed a notice of non-opposition to the NYC Funds' motion for appointment of lead plaintiff and approval of selection of counsel, (Doc. 37), and because I find the NYC Funds to be the presumptive lead plaintiff who also otherwise satisfies Rule 23, I do not consider the merits of the three withdrawn motions. I find that the NYC Funds is the "most adequate" plaintiff under the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(i) and is therefore the appropriate lead plaintiff for this action.

#### a. PSLRA Notice Requirement is Satisfied

On August 26, 2022, the same day the Complaint was filed, Plaintiff's counsel published a notice on *Business Wire*, fulfilling the PSLRA requirements set forth in 15 U.S.C. § 77z–1(a)(3)(A)(i). (*See* Lieberman Decl. Ex. B.) The notice detailed the claims in the Complaint, and informed the Class that they had until October 25, 2022, 60 days from the date of the PSLRA Notice's publication, to move for appointment as lead plaintiff.

#### b. The NYC Funds has the Largest Financial Interest

The NYC Funds: "(1) purchased 4,687,306 shares of Coupang stock; (2) expended $125,664,776 on their purchases; (3) retained 4,570,986 shares of Coupang stock at the end of the Class Period; and (4) incurred losses of approximately $41,281,450 in connection with their purchases of Coupang stock." (Doc. 27 at 14); (*see* Lieberman Decl., Ex. A.) As stated in the Notice of Non-Opposition, the NYC Funds' loss of over $41 million is far greater than the loss suffered by

any other movant. (*See* Doc. 37 at 1-2.) Therefore, the NYC Funds is the presumptive lead plaintiff.

### c. Otherwise Satisfying Rule 23

The NYC Funds satisfies the typicality requirement of Rule 23. Members of this class "purchased Coupang stock pursuant and/or traceable to the IPO or during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions that drove Coupang's share price downward." (Doc. 27 at 16.) As purchasers of Coupang stock between March 11, 2021 and July 12, 2022, the NYC Funds satisfies the typicality requirement because it has claims "aris[ing] from the same conduct from which the other class members' claims and injuries arise." *Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340, 362 (S.D.N.Y. 2019) (quoting *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002)).

Further, the NYC Funds meets Rule 23's adequacy requirement. Proposed counsel for the NYC Funds, Pomerantz LLP, is experienced and qualified, has represented plaintiffs throughout the country in multiple other securities class action litigations, and has the ability to conduct the litigation effectively. (*See* Lieberman Decl. Ex. D.) In addition, the NYC Funds alleges "significant losses" due to Coupang's actions, and thus has "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Lian v. Tuya Inc.*, No. 22 CIV. 6792 (JPC), 2022 WL 17850134, at *3 (S.D.N.Y. Dec. 22, 2022) (citation omitted). There is no reason to believe that the NYC Funds have any adverse interests to those of the other class members. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007), *on reconsideration in part sub nom. In re IMAX Sec. Litig.*, No. 06CIV6128, 2009 WL 1905033 (S.D.N.Y. June 29, 2009). Lastly, the NYC Funds is an institutional investor, which is preferred under the PSLRA. *See Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 402.

### B. *Appointment of Lead counsel*

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). There is a "strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015) (internal quotation marks omitted).

Having reviewed the NYC Funds' Memorandum of Law, (Doc. 27), as well as Jeremy Lieberman's Declaration and the firm resume attached as Exhibit D to that Declaration, (Doc. 28-4), I find that Pomerantz LLP, the NYC Funds' proposed Lead Counsel, will adequately and effectively represent the interests of the class. The attorneys at Pomerantz LLP have substantial experience with securities litigation and securities class actions. (*See* Doc. 27 at 20; Lieberman Decl. Ex. D.) I approve the NYC Funds' selection and appoint Pomerantz LLP as Lead Counsel.

### III. Conclusion

The NYC Funds' motion for consolidation, (Doc. 25), is DENIED as moot given the voluntary dismissal in 1:22-cv-8756 (VSB). The NYC Funds has a substantial financial interest and meets the typicality and adequacy requirements of Rule 23. Therefore, the NYC Funds' motion for appointment as lead plaintiff and for approval of lead counsel is GRANTED. The remaining motions of Rubin Lerer, ALSAR Limited Partnership, and Office of the Treasurer of the State of North Carolina and New Mexico, have been withdrawn and are hereby DENIED as moot.

The NYC Funds is directed to file an amended consolidated complaint or designate an operative complaint no later than sixty (60) days after the date of issuance of this Opinion & Order. Defendants are directed to answer or otherwise respond to the operative complaint no

later than sixty (60) days after the NYC Funds files an amended complaint or designates the initial Complaint as the operative complaint herein.

      The Clerk of Court is respectfully directed to terminate the pending motions at docket entries 18, 20, 25, and 29.

SO ORDERED.

Dated: March 21, 2023
       New York, New York

_____
Vernon S. Broderick
United States District Judge