

**Jeremy A. Lieberman**
Managing Partner

August 14, 2024

**VIA ECF**
Hon. Vernon S. Broderick, U.S.D.J.
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

      Re:    *In re Coupang, Inc. Sec. Litig.*, No. 1:22-cv-07309-VSB (S.D.N.Y)

Dear Judge Broderick:

      We represent Plaintiffs in the above-referenced class action and write in response to two letters filed by Defendants on August 8, 2024 (ECF No. 88) and August 12, 2024 (ECF No. 89). Those letters responded to a July 15, 2024 correspondence submitted by Plaintiffs to the Court seeking judicial notice of a recent press release issued by the Korean Fair Trade Commission ("KFTC"). As Defendants acknowledge, the KFTC press release was formalized in a written order on August 7, 2024. ECF No. 89. The KFTC press release contained detailed findings that Coupang and its senior executives manipulated the search results on its online store to boost the exposure of its private brand products over those made by third parties. *See* ECF No. 87. These findings directly relate to and bolster allegations at the heart of Plaintiffs' Amended Complaint (ECF No. 50) (the "Amended Complaint" or "AC"). The Amended Complaint alleges, *inter alia*, that Defendants defrauded investors by failing to disclose that Coupang manipulated search results to favor its own products by altering its search algorithm and by mobilizing company employees to write favorable reviews of Coupang's own products. AC ¶¶ 12, 166-82.

      Defendants assert that "the KFTC action has no bearing on the arguments supporting Defendants' Motion to Dismiss the Amended Complaint in this Action." ECF No. 89. This drastic repositioning directly contradicts the argument Defendants raised in their motion to dismiss, namely that the Amended Complaint "contains no well-pleaded facts supporting [this] theory" beyond the fact that the KFTC simply opened an investigation into the matter. ECF No. 70 at 23. As Defendants put it, "Plaintiffs do not allege that the KFTC (or any court) determined that Coupang engaged in any wrongdoing." *Id.* The KFTC's findings put that argument to rest. In their quest to dismiss the Amended Complaint, Defendants also argued that "knowledge" of these facts cannot be "imputed to senior management" simply because Coupang's online store was a core operation. *Id.* at 37. The KFTC's recent decision establishes that Defendant Bom Kim had

jalieberman@pomlaw.com
600 Third Avenue, New York, New York 10016   tel: 212.661.1100   www.pomerantzlaw.com
NEW YORK      CHICAGO      LOS ANGELES      PARIS



Hon. Vernon S. Broderick, U.S.D.J.
August 14, 2024
Page 2

such knowledge because he sat on the very committee that orchestrated the illicit practices that were the subject of the KFTC's inquiry. The decision specifically singles out Kim's knowledge. *See* Ex. A at 4, 25 (specifying that the improper practices were directed by the CLT, an "executive steering committee" that "consists of Bom [Kim], his direct reports and key staff members").[1]

Defendants contend that it is "premature" to take judicial notice of the KFTC's findings because the order can be appealed. But that is not the law. *See, e.g.*, *Mitchell v. Home*, 377 F. Supp. 2d 361, 367 (S.D.N.Y. 2005) (taking judicial notice of government press release announcing arrest of party on charges that were denied and later tried before a jury). Furthermore, as far as we are aware, Defendants have not yet filed *any* appeal, much less one challenging the KFTC's ***findings of fact***. That Coupang purportedly appealed *another* KFTC order from 2021 does not, as Defendants claim, make an appeal of the KFTC's *new* decision any less "theoretical."

Defendants also reflexively cite, for the first time, a decision issued over six months ago by a Korean court purportedly overturning a *different* KFTC order from September 2021, which the Amended Complaint references. That KFTC order penalized Coupang for forcing suppliers to increase the price of their items on competing sites or purchase advertising to make up for margin losses arising from its price match system. AC ¶ 137. As Defendants admit, the falsity and scienter allegations related to this misconduct were partly derived from the ***facts*** uncovered by the KFTC's investigation, including via a "confirming statement from Respondent [Coupang]." *E.g.*, AC ¶¶ 416-26. Defendants wrongly proclaim that the appeal decision "wholly contradicts" these allegations. As stated in the English translation that Defendants attach as Exhibit A, the underlying facts remained ***unchallenged***, and the decision turned on whether those facts amounted to an abuse of "bargaining position" under Korea's Fair Trade Act and Large Retail Business Act. *See* Defs.' Ex. A at 22-40. A "bargaining position" is not an element of Plaintiffs' securities claims.

Accordingly, it should come as no surprise that Defendants declined to affirmatively raise this decision with the Court when it issued on February 1, 2024, and only reluctantly did so now to distract from the KFTC's new findings substantiating Plaintiffs' allegations that Coupang manipulated search results to benefit its private brand products.

---

[1] Defendants also appear to argue that the KFTC's recent decision does not show that a "truth" became known to the market on the date of either of the two corrective disclosures pled in the AC. Plaintiffs have not made this contention and respectfully refer the Court to their opposition brief discussing why the AC more than sufficiently pleads loss causation. *See* ECF No. 78 at 41-42.



Hon. Vernon S. Broderick, U.S.D.J.
August 14, 2024
Page 3

      What is more, Defendants fail to inform the Court that the KFTC has appealed the court decision reversing its order against Coupang to Korea's Supreme Court.[2] Thus, under Defendants' own logic, the Court should not take notice of the decision until Korea's highest court has resolved the matter.

                                Respectfully submitted,

                                Jeremy A. Lieberman

---

[2] *See* https://www.ftc.go.kr/www/selectReportUserView.do?key=11&report_data_no=10719.